1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11  MICHELLE HERNANDEZ,               )   Case No.  ED CV 14-89-SP
12              Plaintiff,            )
13        v.                          )   MEMORANDUM OPINION AND
                                      )   ORDER
14  CAROLYN W. COLVIN, Acting         )
    Commissioner of Social Security   )
15  Administration,                   )
                                      )
16              Defendant.            )
17  _____  )

18                          **I.**

19                    **INTRODUCTION**

20        On January 22, 2014, plaintiff Michelle Hernandez filed a complaint against

21  the Commissioner of the Social Security Administration ("Commissioner"),

22  seeking a review of a denial of a period of disability, disability insurance benefits

23  ("DIB"), and supplemental security income ("SSI").  Both plaintiff and defendant

24  have consented to proceed for all purposes before the assigned Magistrate Judge

25  pursuant to 28 U.S.C. § 636(c).  The court deems the matter suitable for

26  adjudication without oral argument.

27        Plaintiff presents one issue for decision:  whether the administrative law

28

                              1

1   judge ("ALJ") properly considered the opinion of plaintiff's treating physician.

2   Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-6;

3   Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-6.

4       Having carefully studied, inter alia, the parties' moving papers, the

5   Administrative Record ("AR"), and the decision of the ALJ, the court concludes

6   that, as detailed herein, the ALJ properly rejected the opinion of plaintiff's treating

7   physician.  Consequently, the court affirms the decision of the Commissioner

8   denying benefits.

9                                           **II.**

10                     **FACTUAL AND PROCEDURAL BACKGROUND**

11      Plaintiff, who was thirty-nine years old on her alleged disability onset date,

12  completed school through the ninth grade.  AR at 28, 50-51.  She has past relevant

13  work as a billing clerk and as a cashier.  AR at 41.

14      On January 10, 2011 and February 12, 2011, plaintiff filed applications for a

15  period of disability, DIB, and SSI due to chronic pain and arthritis throughout the

16  whole body, migraines, and back, wrist, and neck surgeries.  *Id*. at 50, 62.  The

17  Commissioner denied plaintiff's applications initially and upon reconsideration,

18  after which she filed a request for a hearing.  *Id*. at 103-27.

19      On October 16, 2012, plaintiff, represented by counsel, appeared and

20  testified at a hearing before the ALJ.  *Id.* at 25-43.  The ALJ also heard testimony

21  from Gloria Lasoff, a vocational expert.  *Id.* at 41.  On October 23, 2012, the ALJ

22  denied plaintiff's claims for benefits.  *Id.* at 10-19.

23      Applying the well-known five-step sequential evaluation process, the ALJ

24  found, at step one, that plaintiff had not engaged in substantial gainful activity

25  since September 14, 2007, the alleged onset date.  *Id.* at 12.

26      At step two, the ALJ found that plaintiff suffered from the following severe

27  impairments:  cervical strain; thoracic strain; and lumbar degenerative joint

28

1    disease. *Id*.

2        At step three, the ALJ found that plaintiff's impairments, whether

3    individually or in combination, did not meet or medically equal one of the listed

4    impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the

5    "Listings"). *Id.* at 14.

6        The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and

7    determined that plaintiff had the RFC to perform medium work with the following

8    limitations:  lift/carry up to fifty pounds occasionally and twenty-five pounds

9    frequently; stand/walk up to six hours in an eight-hour workday with regular

10   breaks; sit up to six hours in an eight-hour workday with regular breaks; and

11   occasionally climb, stoop, kneel, and crouch. *Id.*

12       The ALJ found, at step four, that plaintiff was able to perform her past

13   relevant work as a billing clerk and as a cashier. *Id.* at 18.  Consequently, the ALJ

14   concluded that plaintiff did not suffer from a disability as defined by the Social

15   Security Act. *Id.* at 19.

16       Plaintiff filed a timely request for review of the ALJ's decision, which was

17   denied by the Appeals Council. *Id.* at 1-3.  The ALJ's decision stands as the final

18   decision of the Commissioner.

19   ### III.

20   ### **STANDARD OF REVIEW**

21       This court is empowered to review decisions by the Commissioner to deny

22   benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

24   [1]    Residual functional capacity is what a claimant can do despite existing

25   exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152,

26   1155-56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step

      evaluation, the ALJ must proceed to an intermediate step in which the ALJ

27   assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486

28   F.3d 1149, 1151 n.2 (9th Cir. 2007).

1  Administration must be upheld if they are free of legal error and supported by

2  substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

3  But if the court determines that the ALJ's findings are based on legal error or are

4  not supported by substantial evidence in the record, the court may reject the

5  findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257

6  F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th

7  Cir. 2001).

8       "Substantial evidence is more than a mere scintilla, but less than a

9  preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such

10 "relevant evidence which a reasonable person might accept as adequate to support

11 a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

12 F.3d at 459.  To determine whether substantial evidence supports the ALJ's

13 finding, the reviewing court must review the administrative record as a whole,

14 "weighing both the evidence that supports and the evidence that detracts from the

15 ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

16 affirmed simply by isolating a specific quantum of supporting evidence.'"

17 *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

18 Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

19 the ALJ's decision, the reviewing court "'may not substitute its judgment for that

20 of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

21 1992)).

22                                   **IV.**

23                              **DISCUSSION**

24       Plaintiff argues that the ALJ failed to properly consider the opinion of her

25 treating physician, Dr. Sanjay Sood.  P. Mem. at 2-6.  Specifically, plaintiff

26 contends that the ALJ did not cite specific and legitimate reasons supported by

27 substantial evidence for rejecting Dr. Sood's opinion.  *See id.*

28

1    In determining whether a claimant has a medically determinable

2 impairment, among the evidence the ALJ considers is medical evidence.  20

3 C.F.R. §§ 404.1527(b), 416.927(b).  In evaluating medical opinions, the

4 regulations distinguish among three types of physicians:  (1) treating physicians;

5 (2) examining physicians; and (3) non-examining physicians.  20 C.F.R.

6 §§ 404.1527(c), (e), 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

7 1996) (as amended).  "Generally, a treating physician's opinion carries more

8 weight than an examining physician's, and an examining physician's opinion

9 carries more weight than a reviewing physician's."  *Holohan v. Massanari*, 246

10 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(c)(1)-(2); 416.927(c)(1)-

11 (2).  The opinion of the treating physician is generally given the greatest weight

12 because the treating physician is employed to cure and has a greater opportunity to

13 understand and observe a claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th

14 Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

15    Nevertheless, the ALJ is not bound by the opinion of the treating physician.

16 *Smolen*, 80 F.3d at 1285.  If a treating physician's opinion is uncontradicted, the

17 ALJ must provide clear and convincing reasons for giving it less weight.  *Lester*,

18 81 F.3d at 830.  If the treating physician's opinion is contradicted by other

19 opinions, the ALJ must provide specific and legitimate reasons supported by

20 substantial evidence for rejecting it.  *Id.* at 830.  Likewise, the ALJ must provide

21 specific and legitimate reasons supported by substantial evidence in rejecting the

22 contradicted opinions of examining physicians.  *Id.* at 830-31.  The opinion of a

23 non-examining physician, standing alone, cannot constitute substantial evidence.

24 *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v.*

25 *Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d

26 813, 818 n.7 (9th Cir. 1993).

27

28

1 **Medical History**

2    **Kaiser Physicians**

3        Multiple physicians at Kaiser Permanente treated plaintiff from

4  approximately February 2007 through November 2010. *See* AR at 284-414.

5  Plaintiff complained of neck and back pain throughout her treatment period. *See,*

6  *e.g., id*. at 302-09. Upon examination, physicians observed tenderness in the neck,

7  trigger points, decreased range of motion in the back, tenderness and pain in the

8  back, a full range of motion in the neck, a normal gait, and no apparent distress

9  when sitting. *See, e.g., id.* at 307, 310, 327, 334, 344, 366, 381. Plaintiff was

10  treated with pain medication and physical therapy. *See, e.g., id.* at 307, 326. But

11  after the initial physical therapy session, plaintiff declined further physical

12  therapy. *See id.* at 352, 374.

13    **Dr. Sanjay Sood**

14        Dr. Sanjay Sood, an internist, treated plaintiff from February 4, 2011

15  through January 26, 2012.[2] *See* AR at 437-55. At the initial examination, a nurse

16  noted that plaintiff had difficulty transferring from sitting to standing. *Id.* at 449.

17  At subsequent examinations, plaintiff complained of pain in her hands and back on

18  numerous occasions. *See id.* 439, 440, 442, 444. Dr. Sood diagnosed plaintiff

19  with chronic pain syndrome/chronic lower back pain. *Id.* at 437-38, 454. In a

20  form titled, "Medical Opinion Re: Ability to Do Work-Related Activities

21  (Physical)," Dr. Sood opined that, among other things, plaintiff: could lift/carry

22  twenty pounds occasionally and ten pounds frequently; could stand/walk/sit less

23  than two hours in an eight-hour work day; could sit 45 minutes and stand 30

24  minutes before changing position; required the opportunity to shift at will from

25  sitting or standing/walking; could occasionally twist/stoop/crouch; could never

26

27        [2]  Other physicians at Dr. Sood's office also treated plaintiff. *See, e.g.,* AR at

28  443.

1    climb stairs/ladders; and had limited lifting/pushing/pulling abilities. *Id*. at 453-

2    54. Dr. Sood stated that he based his opinion on the fact that plaintiff experienced

3    discomfort from palpation of the lumbar spine, had tense paraspinal muscles, and

4    had severely limited flexion and side rotation. *Id.* at 454. Dr. Sood also opined

5    that plaintiff should avoid even moderate exposure to extreme cold, extreme heat,

6    wetness, humidity, fumes, odors, and hazards because plaintiff's back pain and

7    joint mobility were aggravated by extreme cold and hot weather. *Id.* at 455.

8           **Dr. Bunsri T. Sophon**

9           Dr. Sophon, an orthopedist, examined plaintiff on November 13, 2008. *See*

10   *id.* at 268-72. Dr. Sophon observed that plaintiff could sit and stand with normal

11   posture, had a normal gait, was able to rise from a chair and get on and off the

12   examination table without difficulty, had decreased range of motion in the back,

13   had full range of motion of the cervical spine, and an otherwise normal

14   examination. *Id.* at 270-71. Based on the examination, Dr. Sophon diagnosed

15   plaintiff with lumbar disc disease, status post L4-5 spinal fusion. *Id.* at 272. Dr.

16   Sophon further opined that plaintiff could lift/carry fifty pounds occasionally and

17   twenty pounds frequently and sit/stand/walk six hours out of en eight-hour

18   workday. *Id.*

19          **Dr. Terrance P. Flanagan**

20          Dr. Flanagan, an orthopedist, examined plaintiff on April 19, 2011. *Id*. at

21   415-420. Dr. Flanagan reviewed plaintiff's adult disability report (Form SSA-

22   3368) and Dr. Sophon's opinion. *Id.* at 415. During the examination, Dr.

23   Flanagan observed that plaintiff could sit and stand with normal posture and

24   without difficulty, had a normal gait, walked without difficulty and without

25   assistive devices, had tenderness in the neck, had decreased range of motion in the

26   neck, and had smooth range of motion of all joints except the neck and lower

27   back. *Id.* at 417-19. Plaintiff had no spasm or tenderness in the back, but had pain

28

in the minimal axial rotation of the trunk.  *Id.* at 417.  The examination of the upper extremities was normal except for pain upon palpation in the bilateral trapezial musculature.  *Id*. at 417-18.  Based on the examination, Dr. Flanagan diagnosed plaintiff with cervical myofascial strain, thoracic myofascial strain, lumbar myofascial strain, and lumbar degenerative joint disease.  *Id*. at 419. Dr. Flanagan opined that plaintiff:  could lift/carry fifty pounds occasionally and twenty-five pounds frequently; stand/walk/sit six hours in an eight-hour workday; and occasionally climb, stoop, kneel, and crouch.  *Id.* at 419-20.

## The ALJ's Findings

The ALJ concluded that plaintiff had the severe impairments of cervical strain, thoracic strain, and lumbar degenerative joint disease.  AR at 12.  In his RFC determination, the ALJ found that plaintiff had the ability to perform medium work with the following limitations, plaintiff:  could lift/carry fifty pounds occasionally and twenty-five pounds frequently; could stand/walk/sit for six hours out of an eight-hour workday with regular breaks; and could occasionally climb, stoop, kneel, and crouch.  *Id.* at 14.  The ALJ specifically noted that plaintiff had no limitations with respect to pushing and/or pulling other than the weight limits indicated for lifting and carrying.  *Id.*  In reaching his RFC determination, the ALJ gave significant weight to the opinions of the consultative examiners, Dr. Sophon and Dr. Flanagan, and little weight to the opinion of treating physician Dr. Sood. *Id*. at 17.  The ALJ gave little weight to Dr. Sood's opinion because he is not an orthopedic specialist, the opinion was not supported by objective clinical findings, medication effectively controlled plaintiff's pain, and Dr. Sood provided very little rationale for his conclusions in the checklist form opinion.  *Id.* at 17-18.

The ALJ properly discounted Dr. Sood's opinion.

The first reason the ALJ provided for discounting Dr. Sood's opinion was that he is not an orthopedic specialist.  *Id.* at 18.  Plaintiff argues that there is no

1   evidence that Dr. Sood is not an orthopedic specialist, and even if he were not the

2   ALJ still must consider his opinion.  P. Mem. at 4.  Although the record does not

3   contain any express mention of Dr. Sood's speciality, there is substantial evidence

4   that Dr. Sood is an internist.  Dr. Sood's treatment notes reflect that he works at a

5   geriatric and internal medicine clinic.  *See, e.g., id.* at 437.  Moreover, the

6   treatment notes reflect that Dr. Sood provided primary care to plaintiff.  *See, e.g.,*

7   *id.* at 437-38 (treating plaintiff for cough), 447 (treating plaintiff for soreness,

8   rash, and insomnia).  Because Dr. Sood treated plaintiff, the ALJ must consider his

9   opinion regardless of speciality.  *See* 20 C.F.R. §§ 404.1527(b)-(c), 416.927(b)-

10  (c); *Lester*, 81 F.3d at 830.  Nevertheless, the ALJ may give greater weight to the

11  opinion of a specialist than to the opinion of a non-specialist.  *See Orn v. Astrue*,

12  495 F.3d 625, 631 (9th Cir. 2007) ("Additional factors relevant to evaluating any

13  medical opinion . . . include . . . the specialty of the physician providing the

14  opinion."); *Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001).  As such, the

15  fact that Dr. Sood is not a specialist was a specific and legitimate reason supported

16  by substantial evidence for giving Dr. Sood's opinion less weight.

17      The ALJ's second reason for affording Dr. Sood's opinion less weight –

18  lack of objective evidence supporting it – was similarly specific and legitimate.

19  *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Although Dr. Sood's

20  treatment notes contain mention of plaintiff's subjective complaints of back and

21  neck pain, the notes contain no objective clinical findings.  *See Tommasetti v.*

22  *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (the incongruity between a

23  physician's opinion and treatment records is a specific and legitimate reason for

24  rejected the opinion).  Indeed, the treatment notes reflect minimal clinical findings

25  in general, and the only objective evidence of back or neck pain is one note

26  indicating that plaintiff's lumbar spine was tender to palpation and a nurse's

27  notation that plaintiff had difficulty transferring from sitting to standing and lying

28

9

1    flat.  *See id.* at 448-49.  Other than those observations, there is no mention of

2    tenderness,  tense paraspinal muscles, severely limited flexion and side rotation, or

3    any physical examination of the back and neck.  The treatment notes also do not

4    reflect any subjective limitations due to the back and neck pain.

5        Plaintiff's treatment notes with Kaiser offer some objective evidence of pain

6    such as a decreased range of motion and tenderness in the back.  *See, e.g., id.* at

7    327, 334.  But there is no evidence that Dr. Sood reviewed these notes.  Nor do the

8    notes necessarily support the limitations opined by Dr. Sood.  Kaiser's objective

9    findings were similar to those observed by Dr. Sophon and Dr. Flanagan, both of

10   whom opined far milder limitations.

11       The court recognizes that pain cannot be discounted solely for the lack of

12   objective evidence supporting it.  But here the ALJ discounted plaintiff's

13   credibility, and plaintiff does not contest this finding.  As such, the ALJ properly

14   discounted Dr. Snood's opinion for lack of objective clinical support.  *See*

15   *Morgan*, 169 F.3d at 602 ("A physician's opinion of disability premised to a large

16   extent upon the claimant's own accounts of his symptoms and limitations may be

17   disregarded where those complaints have been properly discounted.") (internal

18   quotation marks and citation omitted).

19       Third, the ALJ cited the effectiveness of plaintiff's pain medication as a

20   reason for discounting Dr. Sood's opinion.  *Id.* at 18.  The ALJ cites to two

21   references in the Kaiser treatment notes where the medication appeared to be

22   effective, but later treatment notes suggest that the pain was not controlled.  *See id.*

23   at 16, 314, 383, 389, 392.  As for Dr. Sood's treatment notes, other than a note that

24   plaintiff wanted to switch away from Naproxen and a recommendation to reduce

25   the dosage of Norco and Soma, Dr. Sood's treatment notes contain no reference to

26   the effectiveness of the pain medication.  *See id.* at 442.  As such, the ALJ's

27   finding that the pain medication effectively controlled plaintiff's symptoms is not

28

1  supported by substantial evidence.

2      The ALJ's final reason for not fully crediting Dr. Sood's opinion was that it

3  was conclusory and unsupported by evidence or reasons.  AR at 18.  The ALJ also

4  stated that Dr. Sood's opinion "appears to have been completed as an

5  accommodation to" plaintiff.  *Id*.  There is no evidence that Dr. Sood completed

6  the form opinion "as an accommodation" to plaintiff.  But the record does support

7  the ALJ's assessment of the checklist opinion as conclusory and lacking in clinical

8  support.

9      An "ALJ need not accept a treating physician's opinion which is brief and

10  conclusionary in form with little in the way of clinical findings to supports its

11  conclusions."  *Magallanes*, 881 F.2d at 751 (internal quotation marks and citations

12  omitted); *see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996) (evidence of an

13  impairment in the form of "check-off reports" may be rejected for lack of

14  explanation of the bases for their conclusions).  In his opinion, Dr. Sood stated

15  that plaintiff's chronic pain syndrome, status post lumbar dissectomy, and status

16  post lumbar fusion supported the lifting, carrying, sitting, standing, and walking

17  limitations;  plaintiff's discomfort to palpation of lumbar spine, tense paraspinal

18  muscles, and severely limited flexion and side rotation limited her ability to lift,

19  push, pull, reach, handle, finger, and feel; and the fact that plaintiff's back pain

20  and joint mobility were aggravated by extreme cold or heat supported the opined

21  environmental limitations.  *Id*. at 453-55.  Dr. Sood also stated that plaintiff

22  intermittently used a cane.  *Id.* at 455.

23      Again, Dr. Sood's reasons are conclusory and are unsupported by clinical

24  findings.  As discussed above, other than one finding of tenderness, the treatment

25  notes do not reflect that Dr. Sood performed any physical examination of

26  plaintiff's back and neck much less observed discomfort or limited range of

27  motion.  And Dr. Sood's opined environmental limitations are supported only by

28

plaintiff's subjective complaints, which were discounted.  Even if plaintiff's pain and mobility were aggravated by extreme temperatures, Dr. Sood fails to explain why that would require plaintiff to avoid even moderate exposure to fumes, odors, dusts, and hazards.  *See id*.  In contrast, both consultative orthopedic specialists conducted extensive examinations with clinical findings to support their conclusions.  Moreover, plaintiff's Kaiser treatment notes indicate that plaintiff had a decreased range of motion in her back and tenderness in the neck and back, but she had a normal gait, could sit without distress, and did not reflect "severely limited flexion and side rotation."  *See, e.g.*, *id.* at 284, 381.  Therefore, the conclusory nature of Dr. Sood's opinion was a specific and legitimate reason for discounting it.

In sum, although the purported effectiveness of plaintiff's medication was not a legally sufficient reason for rejecting the treating physician's opinion, the remaining three reasons cited by the ALJ for giving little weight to Dr. Sood's opinion were specific and legitimate and supported by substantial evidence.  Accordingly, the ALJ did not err in rejecting Dr. Sood's opinion.

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.


DATED: March 30, 2015

SHERI PYM
United States Magistrate Judge